John M. Keane, S.
There has been offered for probate an instrument in writing, holographic in form, purporting to be the last will and testament of Howard Angevine, consisting of one sheet of paper with writing on both sides. The language is clear and unambiguous. Beneath the signature of the decedent appears the following: “ In Witness Whereof, I have hereunto set my hand and affixed my seal this 1st day of April 1957 ”, with the signatures of two witnesses immediately below and that of a notary public in the lower left-hand corner.
Is the fact that the quoted language which usually precedes the signature of a decedent on a will but here follows his signature sufficient to deny probate of the will?
Both subscribing witnesses testified that they had known the decedent for over 20 years and were familiar with his handwriting. They testified that the body of the instrument was entirely in his handwriting. Both also testified that they saw decedent sign the instrument, that he declared it to be his last *390 will and testament, that he asked them to he witnesses and, finally, that they so signed in the presence of each other. They further testified that the decedent was competent to make a will and free from any restraint.
One question remains. Did the decedent sign the will at the end thereof?
This court determines that the law requiring subscription at the end of the instrument offered as a will was complied with despite the line with the date following the signature. No dis-positive language appears after the signature. A review of the problem appears in Matter of Mackris (124 N. Y. S. 2d 891 [1953]). The reasoning and authority set forth in that opinion are applicable to the instrument in question.
The will should be admitted to probate and a decree will be entered accordingly.